IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAFAYETTE STONE,

    Plaintiff,

v.                                                            Case No. 2:21-cv-00656-KWR-SCY

MICHELLE LUJAN GRISHAM, *et al*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff Lafayette Stone's *pro se* Prisoner Civil Rights Complaint (Doc. 1) (Complaint). Also before the Court is his Motion Requesting Service of the Complaint and Summons (Doc. 3) (Motion). Plaintiff alleges he completed his state sentence but is still in custody. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will deny the Motion, dismiss the Complaint, and grant leave to amend.

## BACKGROUND

Plaintiff is incarcerated at the Western New Mexico Correctional Facility. *See* Doc. 1 at 4. The Complaint pertains to his sentence in two cases in New Mexico's Second Judicial District Court, Case Nos. D-202-CR-2016-156 and D-202-CR-2016-736 (the "Criminal Cases"). *Id.* at 4. Plaintiff was convicted of aggravated burglary involving battery, vehicle theft, and shoplifting. *Id.* at 13. The State Court originally sentenced to Plaintiff to 20 years imprisonment, with 6.5 years suspended, for an actual term of 13.5 years. *See Id.* at 4; Judgment entered March 6, 2017 in the Criminal Cases.[1] On September 21, 2020, the State Court resentenced Plaintiff to 14 years imprisonment, with 3 years suspended, for actual term of 11 years. *See* Doc. 1 at 14 (Resentencing

---

[1] To better interpret the citations in the Complaint, the Court took judicial notice of the dockets in the Criminal Cases. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

Judgment).

Count I of the instant Complaint "seek[s] relief from an illegal sentence." *Id.* at 3.  It appears this argument is directed at the execution of Plaintiff's sentence, rather than the Resentencing Judgment itself.  Plaintiff contends the State Court resentenced him to "11 year[s] … at 50%," which is "a total of 2005 days." *Id.* at 4.  He alleges he has served 2005 days, but prison officials "refuse to acknowledge the [Resentencing Judgment]" or "appropriately adjust [his] new sentence." *Id.* at 5.  Plaintiff contends his continued detention is unconstitutional and amounts to wrongful imprisonment. *Id.* at 4, 10.  Count II relates to parole.  Plaintiff alleges parole is mandatory, now that he has completed his sentence, but prison officials have failed to set a parole hearing. *Id.* at 4, 7.  Count III contains a one-line allegation that Plaintiff "has been denied access to communicate with his attorney … concerning this illegal sentence." *Id.* at 7.

The Complaint raises claims under U.S. Constitutional "Amendments 1 – 28." *See* Doc. 1 at 3.  Plaintiff names Governor Michelle Lujan Grisham; the New Mexico Corrections Department (NMCD); the Secretary of Corrections; NMCD Contract Monitor Valerie Naegele; GEO Group, Inc.; Lea County Correctional Facility (LCCF); and LCCF Wardens Santistevan and Brown. *Id.* at 1.  In the Prayer for Relief, Plaintiff asks the Court to declare he has completed his sentence in the Criminal Cases and release him from custody. *Id.* at 10.  Plaintiff also seeks at least $300,000 in damages. *Id.*  Plaintiff paid the filing fee, and the matter is ready for initial review.

## STANDARDS GOVERNING *SUA SPONTE* REVIEW

Prisoner complaints against government actors are subject to *sua sponte* review.  The Court must dismiss any prisoner civil action *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b).  The complaint must

contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if the initial complaint fails to state a claim, courts should generally grant leave to amend should unless amendment would be futile. *Id.*

## DISCUSSION

Plaintiff's claims must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Here, Plaintiff fails to name the person responsible for calculating his sentence or otherwise demonstrate personal involvement by any Defendant. The Complaint lists various state officials on the first two pages and includes a narrative about how Plaintiff's rights have been violated. "When various officials have taken different actions with respect to a plaintiff, passive-voice [allegations] showing that his rights 'were violated' will not suffice" to state a claim. *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). The Complaint is therefore subject to dismissal on that basis.

Alternatively, the alleged facts fail to state a claim. Counts I and II are predicated on the assertion that Plaintiff has already completed his state sentence. He argues the State Court resentenced him to "11 year[s] … at 50%," which is "a total of 2005 days," and that he should have been released by 2021. Doc. 1 at 4. However, the attachments to the Complaint controvert Plaintiff's assertion that he is only legally required to serve 50% of his 11-year sentence. The Resentencing Judgment states the "Actual Term of Incarceration" is "11 years" without referencing a percentage. *Id.* at 15. And, while 50% may be a rough average based on New Mexico's good time credit scheme, the Good Time Figuring Sheets attached to the Complaint reflect release dates of 2025 and 2026. *Id.* at 19, 21. To the extent Plaintiff seeks damages for the unconstitutional deprivation of good time credits, there are no specific facts regarding an alleged miscalculation. *See Nonnette v. Small,* 316 F.3d 872, 875 (9th Cir. 2002) (analyzing the reason behind a revocation of good time credits to determine whether the claim is barred). Accordingly, the Complaint and attachments fail to state a plausible claim that Plaintiff is entitled to damages for wrongful imprisonment and/or the denial of parole. Counts I and II will be dismissed.

Count III seeks damages after Plaintiff was allegedly "denied access to communicate with

4

his attorney so [as] to assert his claim to the court … concerning this illegal sentence." Doc. 1 at 7. The Complaint does not specify how prison officials denied access or who was involved. In any event, there is no "constitutional right to retain counsel to pursue post-conviction matters and civil rights actions." *Powers v. Fed. Bureau of Prisons*, 699 Fed. App'x 795, 798 (10th Cir. 2017) (collecting cases). Plaintiff also failed to show he was unable to file a habeas petition or a civil rights claim, or that Defendants' conduct hindered a non-frivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996) (analyzing the denial of access to courts). Count III therefore fails to state a claim.

The Court will dismiss the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. The Court will also deny as moot Plaintiff's Motion Requesting Service of the Complaint and Summons (Doc. 3). The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The Court will permit Plaintiff to amend his civil complaint within thirty (30) days of entry of this Order. However, Plaintiff is advised that the Court will not release him from custody based on an any amended civil complaint. "[R]elease from custody is not an available remedy in a § 1983 [civil rights] action." *Brown v. Sedgwick Cnty. Sheriff's Office*, 513 F. App'x 706, 707 (10th Cir. 2013); *see also Graham v. Waters*, 805 Fed. App'x 572, 578 (10th Cir. 2020) (An inmate's "request for an injunction ordering his immediate release from custody is not a cognizable request for relief in this [civil rights] claim.").

Plaintiff must file a 28 U.S.C. § 2241 habeas petition, if he wishes to challenge the execution or miscalculation of his state sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the … duration of his physical imprisonment, and the relief

5

he seeks is a[n] immediate release ... his sole remedy is a writ of habeas corpus"). Unless and until the Court grants habeas relief and determines the execution of Plaintiff's sentence is illegal, he may be barred from recovering damages if such award implies the sentence is illegal. *See Heck v. Humphry*, 512 U.S. 477, 487 (1994) (courts must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence); *Edwards v. Balisok*, 520 U.S. 641 (1997) (extending *Heck* to civil claims implying the invalidity of a revocation of good-time credits). The Court will mail Plaintiff a form § 2241 petition. If he wishes to pursue habeas relief before a damages claim under § 1983, he may simply decline to respond to this Order. The failure to timely amend will result in dismissal of this action without prejudice.

**IT IS ORDERED** that Plaintiff's Motion Requesting Service of the Complaint and Summons (**Doc. 3**) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915A; and Plaintiff may file an amended complaint within thirty (30) days of entry of this Order if he wishes to pursue relief under § 1983.

**IT IS FINALLY ORDERED** that the Clerk's Office **SHALL MAIL** Plaintiff a form 28 U.S.C. § 2241 habeas petition if he wishes to pursue a release from prison.

**IT IS SO ORDERED.**

                                                  **KEA W. RIGGS**
                                          **UNITED STATES DISTRICT JUDGE**