IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAFAYETTE STONE,

    Plaintiff,

v.                                                Case No. 2:21-cv-00656-KWR-SCY

MICHELLE LUJAN GRISHAM, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court following Plaintiff Lafayette Stone's failure to file an amended pleading as directed. Plaintiff is incarcerated and proceeding *pro se.* His Original Complaint (Doc. 1) alleges he completed his state sentence but is still in custody. In Count I of the Original Complaint, Plaintiff contends the State Court resentenced him to "11 year[s] … at 50%," which is "a total of 2005 days." *Id.* at 4. He alleges he has served 2005 days, but prison officials "refuse to acknowledge" a recent resentencing judgment" or "appropriately adjust [his] new sentence." *Id.* at 5. Count II relates to parole. Plaintiff alleges parole is mandatory, now that he has completed his sentence, but prison officials have failed to set a parole hearing. *Id.* at 4, 7. Count III contains a one-line allegation that Plaintiff "has been denied access to communicate with his attorney … concerning this illegal sentence." *Id.* at 7. The Original Complaint seeks damages and a release from custody under 42 U.S.C. § 1983 and "U.S. Constitutional "Amendments 1 – 28." *Id.* at 1, 3.

By a Memorandum Opinion and Order entered February 25, 2022, the Court screened the Original Complaint and determined it fails to state a cognizable claim. (Doc. 7) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of inmate complaints). The Original Complaint fails to demonstrate any Defendant was responsible for calculating Plaintiff's sentence

or involved in wrongdoing. The attachments to the Original Complaint appear to controvert Plaintiff's assertion that he is only required to serve 50% of his state sentence. *See* Doc. 1 at 15. The Screening Ruling also notes that, to the extent the Original Complaint seeks damages for the unconstitutional deprivation of good time credits, there are no specific facts regarding an alleged miscalculation. As to interference with attorney communication, there are no details regarding the denial of access; who was involved; or how such interference hindered a non-frivolous legal claim. Accordingly, the Court dismissed the Original Complaint pursuant to 28 U.S.C. § 1915A for failure to state a cognizable claim. *See* Doc. 7.

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Plaintiff to file an amended civil rights complaint within thirty days. Plaintiff was also advised that he must file a 28 U.S.C. § 2241 petition to obtain a release from custody. *See Graham v. Waters*, 805 Fed. App'x 572, 578 (10th Cir. 2020). Plaintiff was warned that the failure to timely file an amended complaint will result in the dismissal of this case without prejudice to raising the claims in a habeas petition. The deadline to comply was March 27, 2022. Plaintiff did not amend his pleading or otherwise respond to the Screening Ruling. Pursuant to Fed. R. Civ. P. 41(a), the Court will therefore dismiss this action without prejudice for "failure to prosecute [and] comply with the … court's orders." *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

**IT IS ORDERED** that this action, including Plaintiff's Civil Rights Complaint (Doc. 1), is **DISMISSED WITHOUT PREJUDICE**; and the Court will enter a separate judgment closing the civil case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**